IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MACEO DOWNEY (#56484), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-07-0589 |
| | § | |
| MIKE HENSON, | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM AND ORDER

The plaintiff, Maceo Downey (#56484), is an inmate in custody of the Galveston County Jail. Downey has filed a civil rights complaint under 42 U.S.C. § 1983 and a memorandum in support of his claims. Downey appears *pro se* and he has been granted leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.    BACKGROUND

Downey is currently incarcerated at the Galveston County Jail for reasons that he does not disclose. Downey sues a police officer from Dickenson, Texas, named Mike Henson. Downey accuses Officer Henson of "defamation of character" in connection with criminal charges that were filed against Downey's cousin.

Downey explains that his cousin, Billy Scott, was indicted recently in the town of Dickinson, where Downey and his family are from. According to Downey, his name is listed as a witness in the indictment (or the criminal complaint). Downey insists that he has not

provided any information to law enforcement about his cousin and that he had "nothing to do with" the charges pending against Scott.  Downey reports that he contacted Scott and denied any involvement.  Downey claims that he was threatened by Scott and offered $10,000 "to get out of town."  Downey reports that he is afraid to return to Dickenson. Downey claims that Officer Henson has violated his civil rights by using his name in court papers "to make it look like [Downey] told on [his] own cousin."

Downey insists that Officer Henson made a false statement in defamation of his character. Downey seeks compensatory damages under 42 U.S.C. § 1983 for the harm Officer Henson's actions have caused his reputation. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   <u>STANDARD OF REVIEW</u>

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary

relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a

claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.  Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   DISCUSSION

Downey complains that Officer Henson defamed his character by listing his name as a witness against his cousin, Billy Scott, in state court criminal pleadings.  Downey maintains that, by falsely characterizing him as a witness against his cousin, Officer Downey has caused him to fear possible violence and has damaged his reputation.  These allegations are not actionable for alternative reasons set forth below.

First of all, Downey alleges no physical injury in connection with Officer Henson's alleged actions.  The PLRA expressly provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e);  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  To the extent that Downey's complaint concerns only allegations of damage to his reputation, he fails to establish a cognizable claim for purposes of 42 U.S.C. § 1997e(e).

More importantly, Downey's allegations are not actionable under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or

4

> causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish liability under § 1983, a civil rights plaintiff must establish two elements:  (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States.  *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).

Defamation is a tort under Texas law.  *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (reciting the elements of a defamation claim under Texas law).  It is well established that there is no constitutional right to be free from defamation or slander. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (recognizing that, while a State may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Due Process Clause).  Thus, libel and slander are not cognizable under 42 U.S.C. § 1983, because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States.  *See Cook v. Houston Post*, 616 F.2d 791,

5

794 (5th Cir. 1980); *see also Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (holding that allegations of slander by a former prisoner, resulting in public humiliation, scorn, and ridicule, did not state a claim under 42 U.S.C. § 1983); *Castillo v. Bowles*, 687 F. Supp. 277, 282 (N.D. Tex. 1988) (dismissing an inmate's defamation claim against jail guards because, even if his allegations were true, he only alleged harm to his reputation, which is not protected by the Constitution) (citing *White v. Thomas*, 660 F.2d 680, 684 (5th Cir. 1981), *cert. denied*, 455 U.S. 1027 (1982) (citation omitted)). To the extent that Downey contends that he was somehow defamed by Officer Henson, these allegations fail to state a claim under 42 U.S.C. § 1983.

## IV.    <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.    The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>February 11th</u>, 2008.

Nancy F. Atlas
United States District Judge